```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| WHITNEY BANK, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | :   CIVIL ACTION NO. 11-00721-B |
| | : |
| CALIBAMA VENTURES, LLC, *et al.*, | : |
| | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

This action, which was referred to the undersigned pursuant to Standing Order No. 24, is before the Court due to Defendants CaliBama Ventures, LLC and Tuan Titlestad's failure to comply with Orders of the Court.

**I. Background**

Plaintiff Whitney Bank filed this action against Defendants Brian V. Harris, Tuan E. Titlestad, Trevor K. Southey, and CaliBama Ventures, LLC (hereinafter "CaliBama") on December 22, 2011.[1] (Doc. 1). According to Plaintiff, CaliBama received a loan from Whitney Bank and executed a mortgage note in favor of Whitney Bank. In executing the note, CaliBama granted to Whitney Bank a security interest in certain real property

---

[1] This action has been stayed as to Defendant Brian V. Harris due to his bankruptcy filing. (Docs. 22, 23). It does not appear that service has been perfected on Defendant Trevor K. Southey.

located in Mobile County, Alabama. The note was secured by personal guarantees executed by the individual Defendants. Plaintiff asserts that Defendants defaulted under the note and the personal guarantees, that the real property securing the note was foreclosed upon and sold, and that a deficiency remained after the sale. Plaintiff seeks to recover the amount of the deficiency, interest, attorney fees, costs, and expenses.

According to Plaintiff, Defendants CaliBama and Titlestad were served by certified mail with a copy of the summons and complaint on January 5, 2012. (Doc. 8).  Defendant Tuan Titlestad and CaliBama filed their respective Answers on January 25, 2012.  (Docs. 10, 11). Upon review of Defendant Titlestad's Answer, the Court observed that his Answer was not a proper response to a pleading within the meaning of Rule 8(b) of the Federal Rules of Civil Procedure. Thus, Defendant Titlestad was ordered to file and serve[2], on or before February 10, 2012, an answer that admitted or denied each allegation of the complaint on a paragraph-by-paragraph basis and that identified any affirmative defenses on which Titlestad intended to rely. (Doc. 13).  Titlestad was expressly cautioned that failure to file an answer in a timely manner as required by the Court's Order might

---

[2] Titlestad's Answer did not contain a certificate of service reflecting that a copy of the Answer was served on counsel for Plaintiff or the other defendants.

result in entry of default against him for failure to comply with orders of this Court. (Id.)

Upon review of Defendant CaliBama's Answer, the undersigned observed that it was signed and filed by co-defendant Tuan Titlestad, who identified himself as the managing member of CaliBama Ventures, LLC. However, because corporations are prohibited from appearing in federal court without counsel, CaliBama was instructed that it could not appear pro se and was granted leave, until February 24, 2012, to obtain counsel. (Doc. 12). Additionally, CaliBama was advised that its general denial of the allegations of the Complaint was not a proper response to a pleading within the meaning of Rule 8(b) of the Federal Rules of Civil Procedure. Thus, CaliBama was ordered to file and serve[3], on or before February 24, 2012, an answer that admitted or denied each allegation of the Complaint on a paragraph-by-paragraph basis and that identified any affirmative defenses on which CaliBama intended to rely. CaliBama was expressly cautioned that failure to file an answer in a timely manner as required by the Court's Order might result in entry of default against it for failure to comply with orders of this Court. (Id.) Both Orders were sent via certified mail to Titlestad at

---

[3] Like Titlestad's Answer, CaliBama's Answer did not contain a certificate of service reflecting that a copy of the Answer was served on counsel for Plaintiff or the other defendants.

his address of record.  The certified mail containing the Order pertaining to Titlestad was received and signed for by Titlestad on February 1, 2012. (Doc. 20).  The certified mail containing the Order pertaining to CaliBama has not been returned to the Court notwithstanding the fact that it too was addressed to Titlestad at his address of record.

Neither Titlestad nor CaliBama filed an amended Answer as directed. Moreover, no counsel entered a notice of appearance on behalf of CaliBama.  As a result, the Court, on March 19, 2012, issued Orders directing Titlestad and CaliBama to show cause, by April 2, 2012, why a default judgment should not be entered against them for failing to obey orders of the Court.  (Docs. 24, 25).  The certified mail containing the CaliBama Order was received and signed for by Titlestad on March 22, 2012. (Doc. 26). The mail containing the Titlestad Order has not been returned to the Court notwithstanding the fact that it too was addressed to Titlestad at his address of record.  A review of the case file reflects that to date, neither Defendant Titlestad nor CaliBama have filed anything in response to the Court's Orders.

**II. Discussion**

"The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." Johnson v. TMI Mgmt. Sys., 2012 U.S. Dist LEXIS 27120 (S.D. Ala. Mar. 1, 2012)

4

(quoting Equity Lifestyle Props., Inc., v. Florida Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). Federal courts have the inherent power to impose sanctions on parties, lawyers, or both. Byrne v. Nezhat, 261 F.3d 1075, 1121 (11th Cir. 2001). "This power is derived from the court's need 'to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.'" Id. at 1106. Dismissal of a party's complaint or answer, or striking its defenses, as a sanction for failure to comply with a court's orders is a heavy punishment. The "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." In re Sunshine Jr. Stores, Inc., 456 F.3d. 1291, 1306 (11th Cir. 2006) (quoting Malautea v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)). "'The key to unlocking a court's inherent power is a finding of bad faith.'" Byrne, 261 F.3d at 1106 (quoting Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998)). "A party . . . demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Byrne, 261 F.3d at 1121 (citation omitted). Where a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics which cause the adversary process to be halted, a bad faith finding is warranted. See Johnson, 2012 U.S. Dist. LEXIS 27120, at *5.

Upon a review of the record before the Court, the undersigned finds that Defendants' lack of action has caused the adversary process to be halted. It is clear that Defendant Titlestad received the Courts' Orders on behalf of himself and as the managing agent for Defendant CaliBama but for whatever reason, has elected not to respond to the Orders. The Orders reasonably required Defendants to refile their answers in compliance with Rule 8(b) and further required CaliBama, a corporation, to obtain counsel in compliance with the law in this circuit. See e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); Nat'l Indep. Theatre Exhibs., Inc. v. Buena Vista Distr. Co., 748 F.2d 602, 604 (11th Cir. 1984); Souffrant v. Denhil Oil, LLC, 2010 U.S. Dist. LEXIS 50736 (S.D. Fla. Apr. 16, 2010); Ibew-Neca v. R.D. Elec., LLC, 2009 U.S. Dist. LEXIS 31319 (S.D. Ala. Apr. 10, 2009); Windsor v. United States, 2009 U.S. Dist. LEXIS 65699, at *6(N.D. Ga. July 30, 2009)("Corporations and limited liability companies . . . must be represented by counsel in litigation."). Neither Defendant has responded to the Court's Orders nor offered any explanation or justification for their dilatory behavior. Accordingly, the undersigned finds that the entry of default against both

Defendants is warranted as lesser sanctions would be inadequate. It is so recommended[4].

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this **2nd** day of **May, 2012.**

                                                   **/s/Sonja F. Bivins**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[4] Also pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 14) and Motion for Default Against Defendants Titlestad and CaliBama. The Motion for Summary Judgment, which has not been opposed, is moot in light of the undersigned's recommendation. The Motion for Default will not be ripe for consideration until there has been an entry of default.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   *Objection.*   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.