IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDGEFIELD HOLDINGS, LLC,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION No. 11-00721-KD-B |
| ) | |
| **CALIBAMA VENTURES, LLC et al.,** ) | |
|     **Defendants.** ) | |

## ORDER

This action is before the Court on the Motion to Revive Judgment, (Doc. 60), filed by Edgefield Holdings, LLC ("Edgefield"). Upon consideration, and for the reasons below, the motion is **GRANTED**.

### I.  Background

On June 5, 2012, the Court entered default judgment in favor of Whitney Bank and against Defendants Calibama Ventures, LLC and Tuan Tilestad ("Tilestad") (collectively, "Defendants"), jointly and severally, in the amount of $214,407.27. (Doc. 35 at 1). The amount of the default judgment consisted of "a principal balance in the amount of $168,976.79 and accrued interest in the amount of $36,065.36 (per diem $84.49 added since January 27, 2012) and attorney's fees in the amount of $9,365.12." (Id.). Further, the default judgment explained that "[p]ost-judgment interest shall accrue on this judgment at the rate of 0.19% per day." (Id. at 2).

Whitney Bank assigned the judgment to Edgefield, and the Court substituted Edgefield as Plaintiff on April 15, 2019. (Doc. 43). On May 9, 2019, Edgefield applied for a writ of execution against real property owned by judgment debtor Tilestad. (Doc. 48). By this time, Defendants had made a principal reduction payment of $6,451.81, but the judgment had not been satisfied, and the sum of $210,138.80 was due through April 19, 2019. (Doc. 48). The Court granted the writ of

execution in an order dated July 1, 2019. (Doc. 49). On July 1, 2019, a writ of execution was issued, which indicated that the remaining judgment balance was the sum of $210,201.42. (Doc. 50).

On September 19, 2019, the U.S. Marshal's office conducted a public auction of Tilestad's interest in the real property located at 1569 Fearnway, Mobile, AL 36604, and the highest and best bid for the property was $25,001. (Doc. 55). The Court granted Edgefield's motion for disbursement of sales proceeds and directed the Clerk to pay the $25,000 proceeds from the sale of real property pursuant to the writ of execution. (Doc. 57).

## II.    Motion to Revive Judgment

On October 6, 2025, Edgefield moved to revive the judgment through its twentieth anniversary. (Doc. 60). According to Edgefield, there have been no other collections on the judgment. (Doc. 60-1 at 2). After applying the credits from the execution sale, the judgment remains unsatisfied. (Doc. 60). The remaining judgment balance according to Edgefield is as follows:

| | |
|---|---|
| Judgment Balance from writ of execution (Doc. 50) | $   210,201.42 |
| Credit for sales proceeds from sale of real property at 1569 Fearnway, Mobile, AL 36604 | $   (25,000.00) |
| Post-judgment interest at the federal statutory rate Of 0.19% from 9/10/19 through 10/6/25 on reduced Principal balance of $185,201.42 (per diem of $0.964062186 for 2,219 days) | $   2,139.25 |
| TOTAL: | $   187,340.67 |

(Doc. 60 at 2).

In support of its motion, Edgefield filed a declaration from its counsel of record Joesph D. Steadman, Jr. ("Steadman"). (Doc. 60-1). Steadman testifies that he has "personal knowledge of

the matters set forth" in the declaration. (Id. at 1). Steadman explains that he has "had primary responsibility of pursuing post-judgment collection" since the assignment of the judgment to Edgefield. (Id.). Steadman declares that he "handled a real property execution in this matter." (Id.). Steadman testifies that Edgefield applied the $25,000 credits against the judgment balance, that Defendants have made no payments to Edgefield (nor has Edgefield collected any other sums other than the real property execution), and that the judgment remains unsatisfied. (Id. at 2).

### III. Analysis

Federal Rule of Civil Procedure 69 governs the procedure for enforcing money judgments. Fed. R. Civ. P. 69. Rule 69 "permits judgment creditors to use any execution method consistent with the practice and procedure of the State in which the district court sits." Peacock v. Thomas, 516 U.S. 349, 359 n.7 (1996). "Accordingly, federal-court judgment creditors must avail themselves of state enforcement mechanisms." 2 Steven F. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 69:6 (2025). Here, the federal district court sits in Alabama. Thus, Alabama law governs the motion to revive the money judgment.

Under Alabama law, a judgment creditor must move to revive a judgment if the judgment creditor seeks to execute a judgment more than ten years after its entry. Ala. Code § 6-9-192 (1975). "A judgment cannot be revived after 20 years from its entry." Ala. Code § 6-9-190 (1975). Moreover, judgments are presumed to be satisfied after ten years from the entry of the judgment entry. Ala. Code § 6-9-191 (1975). The "burden of proving it not satisfied is upon the plaintiff." Id. "Clearly the purpose of the revivor motion is to overcome the presumption of satisfaction and thereby allow the judgment creditor to enforce the judgment." Powles v. Kandrasiewicz, 886 F. Supp. 1261, 1264 (W.D.N.C. 1995) (applying Alabama law on revival of judgments).

Here, the Court entered judgment on June 5, 2012. (Doc. 35). Less than twenty years since the entry have passed. Thus, Edgefield's motion to revive the judgment is timely. However, more than ten years have passed since the entry of judgment. Therefore, the judgment is presumed to be satisfied. The issue is whether Edgefield has overcome the presumption of satisfaction.

Under Alabama law, the presumption of satisfaction is "strong." Gambill v. Cassimus, 22 So. 2d 909, 910 (Ala. 1945). The presumption "will prevail until overcome by clear and decisive proof to the contrary or by the establishment of facts and circumstances from which nonpayment may be clearly inferred." Id. "The evidence to rebut must be strong and convincing to the effect of producing a reasonable conviction that the judgment had not been paid or satisfied." Id. As a result, testimony which rests on hearsay is insufficient. Id.

However, the Alabama Court of Civil Appeals has explained that Gambill was decided before the Alabama Rules of Civil Procedure were adopted. Gloor v. BancorpSouth Bank, 216 So. 3d 444, 447 (Ala. Civ. App. 2016). Moreover, Gambill's holding "was simply that testimony from one of the judgment creditor's five attorneys appearing in the record to the effect that he had handled the case and had not collected the judgment did not justify *reversal* of a judgment *declining* to issue a writ of scire facias to revive a judgment." Id.

Here, Edgefield has provided the declaration of its attorney (Steadman) based on his personal knowledge of this matter. Steadman has "had primary responsibility of pursuing post-judgment collection" since the assignment of the judgment to Edgefield. (Doc. 60-1 at 1). Steadman "handled a real property execution in this matter." (Id.). And Steadman testifies that the judgment remains unsatisfied. (Id. at 2).

Steadman's knowledge of the execution of the judgment is not based on hearsay. Steadman's declaration offers clear and decisive proof that the judgment has not been satisfied.

4

Therefore, Edgefield has rebutted the presumption of satisfaction, and Edgefield is entitled to the revival of its judgment up to the statutory limitation of twenty years.

**IV.     Conclusion**

Edgefield moves to revive its judgment through its twentieth anniversary. (Doc. 60). Edgefield provides a declaration which rebuts the presumption of satisfaction. (Doc. 60-1). Thus, Edgefield's motion is **GRANTED**.

It is **ORDERED** that the default judgment, (Doc. 35), is hereby **REVIVED** through June 5, 2035.

**DONE** and **ORDERED** this **2nd** day of **December 2025**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**